Timber in Wilderness — Cutting Restricted The Oklahoma Department of Wildlife Conservation does not have the authority to cut timber and contract for the erection of an electric power line to serve a residence for Department employees in the wilderness area of McCurtain County as described in 29 O.S. 721 [29-721] (1961). The Attorney General has had under consideration your letter of April 8, 1968, wherein you ask, in effect, the following question: Does the Oklahoma Department of Wildlife Conservation have authority to cut timber and contract for the erection of an electric power line to serve a residence for Department employees in the wilderness area of McCurtain County as described in 29 O.S. 721 [29-721] (1961)? 29 O.S. 721 [29-721] (1961) provides as follows: "A tract of land, legally described as: All of Sections 5, 6, 7, 8, 17, 18, 19, 20, 29, 30, all in Township 3 South, Range 26 East, and all of Sections 1, 2, 8, 9, 10, 11, 12, 13, 14, 23, 24, 25, 26 and portions of Sections 3, 4, 5, all in Township 3 South, range 25 East of the Indian Base and Meridian, situated in the County of McCurtain, State of Oklahoma, now owned in fee simple by the State of Oklahoma, Game and Fish Department, is hereby designated as a Wilderness Area." 29 O.S. 723 [29-723] (1961) limits the operations within the wilderness area as follows: "No mining operations, sand and/or gravel removal, or timber cutting and/or removal shall be permitted and that the Area, insofar as is humanly possible, be permitted to remain in a natural state with only nature operating to alter existing conditions." (Emphasis added) Contracts which would affect the wilderness area are limited by 29 O.S. 724 [29-724] (1967), which provides as follows: "The Oklahoma Wildlife Conservation Commission shall not enter into any contract, agreement, or covenant with any person, persons, or organizations wherein any part of this act be violated; provided, the Department, or its Commission, may enter into a contract or agreement with the Federal Government, or any of its agencies, whereby a part of the land described in this act may be sold, or exchanged for land contiguous thereto, when a dam or reservoir is proposed or constructed by the Federal Government, or any of its agencies, and a part of the land described in this act will be required for the construction of said dam or reservoir." It is therefore the opinion of the Attorney General that the Oklahoma Department of Wildlife Conservation does not have the authority to cut timber and contract for the erection of an electric power line to serve a residence for Department employees in the wilderness area of McCurtain County as described in 29 O.S. 721 [29-721] (1961). (Dale F. Crowder)